William H. HENRY, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–1200.

United States Court of Veterans Appeals.

Submitted Aug. 19, 1991.

Decided Jan. 16, 1992.

William H. Henry, pro se.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and R. Randall Campbell, were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and FARLEY and HOLDAWAY, Associate Judges.

HOLDAWAY, Associate Judge:

Appellant, William H. Henry, seeks review of a September 18, 1990, decision of the Board of Veterans' Appeals (BVA or Board) which denied an earlier effective date for a compensable rating for the veteran's service-connected through-and-through gunshot wound. We affirm the Board's decision.

Appellant served in the United States Army from September 1950 to June 1952. While in Korea, he was wounded by an unidentified projectile which entered the lower right side of his abdomen and exited his back close to the spine. His service medical records indicate only: SFW–WIA–Back Right side–1600. He received treatment in Korea and was returned to duty.

In 1967, after having problems on his job because of his back, appellant filed a claim with the Veterans' Administration (now Department of Veterans Affairs) (VA) for compensation. A VA examination was performed. The 1967 doctor's report states that appellant received a gunshot wound of the back in Korea and reported only a "well-healed, non-tender, 1 [inch] transverse skin scar in the right paravertebral lumbar region...." The VA Regional Office (RO) awarded appellant a 0% rating for a gunshot wound based on the service medical records and the doctor's report stating that: "Medical records show that veteran sustained a shell fragment wound of back, right side...." Appellant did not appeal this rating decision.

In September 1988, appellant filed for an increase in compensation stating:

I want to claim an increase in compensation for my gunshot wound. The bullet that hit me went in on my right side and came out near my spine. I contend ... that this should be at a compensible [sic] evaluation since it is a through and through gunshot wound.

This claim was treated as a "reopened" claim and another VA exam was done. The examining doctor confirmed the through-and-through wound and muscle damage caused by the wound. On February 28, 1989, appellant was awarded a disability rating of 30% for residuals of a through-and-through gunshot wound, effective the date of the "reopened" claim. The RO found "no error ... on prior ratings in failing to identify the injury as a through and through."

Appellant filed a Notice of Disagreement on August 2, 1989, claiming that the effective date should have been effective back to when he first filed a claim because the error in identifying the type of wound was made by the VA doctor who examined him in 1967. In a VA Form 1–9 filed in September 1989, appellant stated: "Since the wound was incurred in 1951 and entered and exited it was a through and through wound from day one.... The original rating was *clearly* and *unmistakably* in error...." (Emphasis in original.)

An informal hearing was held at which the hearing officer inspected the scars himself. The hearing officer affirmed the RO stating that "[t]he evidence we had when the 1967 rating was made basically showed a scar and normal function. The service records do not show a greater than slight wound."

On September 18, 1990, the BVA issued a decision denying an earlier effective date stating:

As of the time that the rating agency granted service connection and assigned a noncompensable rating for a gunshot wound scar on the veteran's back in 1967, the veteran had claimed only a back disability and no residuals of an abdominal wound had been discovered and reported. Accordingly, the Board cannot say that the rating agency committed clear and unmistakable error. An increased rating based upon additional disability claimed by the veteran and confirmed on official examination was made effective the date of receipt of the veteran's claim. Since the pertinent criterion for determination of the proper effective date is the earliest date the evidence shows increased disability, and such evidence consists of the November 1988 examination by the VA, an earlier effective date is not warranted.

*William H. Henry,* BVA 90–32064 (Sept. 18, 1990). Appellant filed a timely appeal to this Court.

## ANALYSIS

Appellant claims that there was "clear and unmistakable" error in the 1967 rating decision which assigned him a 0% rating for a scar resulting from a gunshot wound. He bases this claim on the fact that he had a "through and through wound from day one" and therefore, the mistake was made by the VA doctor who examined him.

"All questions in a matter which under [38 U.S.C. § 211(a)] is subject to decision by the Secretary shall be subject to one review on appeal to the Secretary." 38 U.S.C. § 7104(a) (formerly § 4004(a)). Unappealed rating decisions are final once the time for appeal runs out. 38 U.S.C. § 7105(c) (formerly § 4005(c)). Claims cannot be reopened without new and material evidence. 38 U.S.C. § 5108 (formerly § 3008). "The one exception to this rule is when there has been an administrative error committed by the VA during the *adjudication of the claim.*" *Thompson v. Derwinski,* 1 Vet.App. 251, 253 (1991) (emphasis added). *See* 38 C.F.R. § 3.105 (1991). *See also* 38 U.S.C. § 503(a) (formerly § 210(c)(2)). Otherwise, "[t]he decision of a duly constituted rating agency ... will be final and binding ... based on evidence on file at that time." 38 C.F.R. § 3.104(a) (1991).

 In appellant's case, the BVA found that the 1967 rating board did not make a mistake based on the evidence before it. That evidence was a meager service medical record and a doctor's report of a scar on the back with normal motion of the back. While appellant is certainly correct that his wound did not change in character over the years, the error, if any, was made by the doctor in 1967 and was not an administrative error during the adjudication process which would require the prior decision to be reversed or amended under 38 C.F.R. § 3.105(b). 38 C.F.R. § 3.105(b) (1991) (previous determinations which contain clear and unmistakable error will be reversed or amended). The adjudication in 1967 was correct given the state of the evidence at that time. In 1988, new evidence came to light as a result of a more comprehensive examination after appellant alleged a through-and-through wound. This justified reopening the case under the rubric of "new and material evidence." *See* 38 U.S.C. § 5108.

 Because the basis of the adjudication was, properly, "new and material evidence" as contrasted with "clear and unmistakable error," it follows that the effective date was that of a reopened claim rather than a previous date that would have been permissible in the event of a *successful* collateral attack on a previously disallowed claim. *See* 38 C.F.R. § 3.400 (1991) (effective date of a claim reopened with new and material evidence is the date of receipt of the reopened claim); 38 C.F.R. § 3.105(a) (1991) (effective date of a decision reversed or amended because of clear and unmistakable error is the date of the reversed decision). *See Myler v. Derwinski,* 1 Vet.App. 571 (1991).

The September 18, 1990, decision of the BVA is AFFIRMED.