**Robert L. KRONBERG, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 91–1030.**

United States Court of Veterans Appeals.

March 22, 1993.

Diane M. Edgecomb was on the brief, for appellant.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and William S. Mailander were on the pleadings for appellee.

Before FARLEY, HOLDAWAY and IVERS, Associate Judges.

HOLDAWAY, Associate Judge:

Appellant, Robert L. Kronberg, appeals a February 21, 1991, decision of the Board of Veterans' Appeals (BVA or Board) which denied entitlement to an earlier effective date for an award of service connection and disability compensation for chronic mononucleosis.

## BACKGROUND

Appellant had active service from May 1952 to May 1954. He was hospitalized between June 17, 1952, and September 22, 1952, for treatment of infectious mononucleosis. Although appellant's service medical records (SMRs) reveal treatment for a variety of complaints including sore throats, fever, and cough, between September 1952 and April 1954, his separation examination was negative for mononucleosis and he was asymptomatic.

In May 1954, appellant applied for compensation for a liver condition. Subsequently, appellant received a physical examination at a Veterans' Administration (now Department of Veterans Affairs) (VA) facility in August 1954. The examination indicated appellant did not have a liver disorder. Moreover, the examiner opined that appellant did not have mononucleosis since it was impossible for mononucleosis to recur. In September 1954, the VA Regional Office (RO) denied appellant's claim. The rating decision was unappealed and became final.

In November 1986, appellant sought to reopen his claim for service connection for mononucleosis. In January 1987, the VARO concluded that appellant had made a complete recovery from mononucleosis in 1952 and that there was no evidence of residuals of mononucleosis at separation. Thereafter, appellant submitted private medical records from the 1960's and 1970's which indicated that appellant had been treated for recurrent fever, fatigue, and sore throat. The VARO's previous denial of service connection for mononucleosis was continued and confirmed on February 17, 1988.

In May 1988, appellant submitted a statement from Dr. Savage, Chief of Infectious Diseases, at the VA Medical Center in Togus, Maine. Dr. Savage claimed that she diagnosed appellant with chronic mononucleosis in December 1987, and opined that his present condition dated back to his initial illness in 1952. Additionally, appellant testified at a May 1988, personal hearing that he suffered from chronic mononucleosis which had only recently been identified as a chronic disease and required sophisticated testing to diagnose effectively. An October 1988, physical examination at a VA facility indicated a history of fatigue, intermittent pharyngitis, and lymphadenopathy. In November 1988, the VARO granted appellant service connection for chronic mononucleosis from the date of the reopened claim in November 1986.

On October 24, 1989, appellant filed an appeal to the BVA maintaining that he was entitled to service connection from the time of discharge from military service. He appeared at another hearing in February 1990. Appellant reiterated much of his previous testimony and contended that he was entitled to an effective date prior to November 1986. He also submitted a lay statement from Mrs. Burton Caruthers, and a medical opinion from Carl Schuler, a private physician. Mrs. Caruthers claimed that appellant had suffered from flu-like symptoms through the years, and Dr. Schuler averred that appellant's chronic mononucleosis dated back to 1952. Dr. Schuler opined that the testing procedures used to diagnose chronic mononucleosis did not ex-

ist in 1954. On February 15, 1990, the hearing officer confirmed the November 1988 rating decision and denied an effective date earlier than November 1986. In April 1990, the VARO confirmed the November 1988 rating decision. In February 1991, the Board issued a decision denying an earlier effective date stating:

> In the present case, by a rating decision of September 1954, the agency of original jurisdiction denied service connection for liver disease, and, in effect, for mononucleosis, essentially on the basis that any inservice manifestations of those disorders were acute and transitory in nature, and resolved without residual disability. That decision was adequately supported by and consistent with the evidence *then* of record, and is now final.
>
> Evidence received since the time of the September 1954 rating decision, while noting the presence of chronic mononucleosis, does not establish entitlement to benefits prior to November 26, 1986, the date of the veteran's reopened claim. In that regard, we observe that the earliest clinical indication of the confirmed presence of chronic mononucleosis is revealed by a VA record of hospitalization dated in December 1987, and submitted in conjunction with the aforementioned reopened claim. Under the applicable law and regulations, the earliest date for which a grant of service connection and compensation could be effective would the [sic] date of receipt of the veteran's reopened claim, that is November 26, 1986.

*Robert L. Kronberg*, BVA 91–5639, at 5 (Feb. 21, 1991). (Emphasis supplied.) Appellant filed a timely appeal to the Court.

## ANALYSIS

Appellant claims that there was "clear and unmistakable" error in the 1954 rating decision which denied him service connection for a liver disorder, or effectively mononucleosis. He bases this claim on the fact that in December 1987, he was diagnosed with chronic mononucleosis which dates back to his military service, and, therefore, the 1954 rating board committed "clear and unmistakable error" when it determined that his mononucleosis was acute and transitory. The Court cannot review the 1954 decision, but is limited to deciding whether the Board's decision that there was no "clear and unmistakable error" was " 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. . . .' " *Russell v. Principi*, 3 Vet.App. 310, 315 (1992) (consolidated with *Collins v. Principi*, No. 90–416) (en banc); *see* 38 U.S.C.A. § 7261(a)(3)(A) (West 1991).

"In order for there to be a valid claim of 'clear and unmistakable error,' there must have been an error in the prior adjudication of the claim." *Russell*, 3 Vet.App. at 313 (1992) (Claims reversed for "clear and unmistakable error" are "revised to conform to the 'true' state of the facts or the law that existed at the time of the original adjudication.") Either the correct facts or applicable law, extant at the time of the original adjudication, must have been incorrectly applied. *Id.* In other words, the claimant must aver more than disagreement with the original adjudicator's factual determination. *Id.*

The evidence before the 1954 rating board consisted of appellant's SMRs and a physical examination conducted in August 1954, both of which indicated that his mononucleosis had been resolved in 1952. In 1987, new evidence came to light as a result of advanced testing procedures that were unavailable in 1954. As noted, appellant's private physician, Dr. Schuler, admitted in his statement dated February 3, 1990, that chronic mononucleosis "could not be picked up before in the past several years [sic] because we did not have the testing to verify this disorder." Given the state of medicine extant in 1954 (which was one of the facts before the rating officer), no diagnosis other than acute and transitory mononucleosis was available at that time. Therefore, the BVA's decision that there was no "clear and unmistakable evidence" in the original adjudication was not arbitrary, capricious, or an abuse of discretion.

Appellant's claim was properly reopened upon the submission of "new and material"

evidence that was not available at the time of the initial adjudication. *See* 38 U.S.C.A. § 5108 (West 1991); *Henry v. Derwinski,* 2 Vet.App. 88, 90 (1992). Thus, the effective date for the receipt of service connection and compensation payments should be November 26, 1986, the date appellant applied to reopen his claim. *See* 38 C.F.R. § 3.400 (1992).

The BVA decision of February 21, 1991, is **AFFIRMED.**