**Thomas K. BARNHILL, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 91–778.

United States Court of Veterans Appeals.

April 29, 1993.

Thomas K. Barnhill, pro se.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Carolyn F. Washington, Washington, DC, were on the pleadings, for appellee.

Before MANKIN, HOLDAWAY and IVERS, Associate Judges.

HOLDAWAY, Associate Judge:

Appellant, Thomas K. Barnhill, appeals a Board of Veterans' Appeals (BVA or Board) decision which denied service connection for (1) chronic headaches, (2) a chronic skin disability, (3) peptic ulcer disease, (4) a left knee disability, (5) residuals of shrapnel wounds on both arms, (6) scars on both legs, (7) an increased evaluation for post-traumatic stress disorder (PTSD), currently rated as 30% disabling, and (8) an earlier effective date of service connection for PTSD.

## BACKGROUND

Although appellant has set forth a claim for several disabilities, the following facts are relevant to the only issue that merits discussion, i.e., the claim pertaining to an increased evaluation for service-connected PTSD. Appellant had active service from September 1968, to April 1970, with service in Vietnam. Appellant was treated for anxiety reaction in Vietnam. Immediately after returning from Vietnam, he was admitted to the U.S. Naval Hospital in Memphis, Tennessee, with a diagnosis of anxiety reaction. In March 1970 (during service), appellant applied for service connection for anxiety reaction. On March 24, 1970, the Veterans' Administration (now the Department of Veterans Affairs) (VA) Regional Office (RO) denied appellant's claim. After reviewing appellant's service medical records (SMRs), the VARO determined that appellant was suffering from passive dependent personality, which is not a disability under VA benefits law. *See* 38 C.F.R. § 4.127 (1992). In April 1970 (after separation from service), appellant submitted another claim for service connection for anxiety reaction. Citing to the findings of its earlier rating decision, the VARO denied appellant's claim on October 10, 1970. This rating decision was not appealed and became final.

On October 27, 1982, appellant submitted a Statement in Support of Claim setting forth a claim of service connection for PTSD. In a letter dated December 7, 1982, Dr. Christopher DiMaio, a private psychologist, opined that appellant was suffering from PTSD, and not from a personality disorder. On January 14, 1983, the VARO issued a deferred rating decision and requested appellant's service personnel records. On April 15, 1983, the VARO denied appellant's claim since he had not reported for a psychological examination and there was insufficient evidence to determine whether appellant was entitled to service connection for PTSD.

On May 8, 1985, appellant submitted more SMRs to reopen his claim. In July 1985, appellant reported for a mental status examination at the Sepulveda, California, VA Medical Center (VAMC). This examination indicated that appellant was possibly suffering from two disorders, schizophrenia and PTSD, and that further psychological testing was necessary for a diagnosis. After reviewing appellant's SMRs and the results of the July 1985 mental status examination, the VARO, on October 29, 1985, determined that appellant only suffered from non-service-connected schizophrenia. Therefore, it denied service connection for PTSD.

On October 19, 1987, appellant reopened his claim of service connection for PTSD. In support of his claim, appellant submitted a statement from Dr. Gerstenberger, a private psychiatrist, who opined that appellant had PTSD. In November 1988, appellant reported for a psychiatric examination at the VAMC. The examining psychiatrist diagnosed appellant with PTSD. In December 1988, appellant underwent further psychiatric evaluation which indicated he had PTSD. In June 1989, he was hospitalized with a diagnosis of PTSD at the VAMC in Brentwood, California. On October 6, 1989, the VARO granted appellant service connection for PTSD. He was assigned a 30% disability rating and an effective date of October 19, 1987.

On November 1, 1989, appellant submitted a Notice of Disagreement claiming he should have been granted an earlier effective date and an increased evaluation for PTSD. On November 24, 1989, the VARO confirmed and continued its prior rating. On January 8, 1991, the BVA denied service connection for claims (1)–(6), *supra*,

denied an earlier effective date for service connection for PTSD, and determined appellant was not entitled to an increased evaluation for PTSD.

## ANALYSIS

After a complete and thorough review of the record regarding claims (1)–(5), the Court finds the BVA decision was correct in law and fact. Summary affirmance of the Board's decision regarding these five claims is appropriate since this portion of appellant's appeal is one "of relative simplicity" under the criteria in *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990).

 The Board's denial of an increased evaluation for PTSD is the only alleged error that merits discussion by the Court. A determination regarding level of disability is a finding of fact that this Court may set aside as clearly erroneous only when it is left with a definite and firm conviction, after reviewing the entire evidence, that a mistake has been committed. *See* 38 U.S.C.A. § 7261(a)(4) (West 1991); *Lovelace v. Derwinski*, 1 Vet.App. 73, 74 (1990); *Gilbert v. Derwinski*, 1 Vet.App. 49, 52–53 (1990). The Court may reach that conclusion only if there is no "'plausible basis in the record'" for the BVA findings at issue. *Gilbert*, 1 Vet.App. at 52–53; *see Moore v. Derwinski*, 1 Vet.App. 356, 358 (1991).

 The Court finds no plausible basis for the BVA's conclusion that appellant is not entitled to an increased evaluation for PTSD. According to a VA psychiatric examination, appellant is suffering from "Posttraumatic stress disorder, severe, with profound impairment of social and industrial ability." Furthermore, Dr. Gerstenberger, opined that appellant "has either Post–Traumatic Stress Reaction or Post–Traumatic Stress Reaction with a development of a paranoid personality and an elaborate delusional system," which would make it "very difficult for him to interact with employers or fellow employees on an ongoing basis." The record compellingly establishes that appellant is entitled to an increased disability rating for PTSD of at least 70%. *See* 38 C.F.R. § 4.132 (1992), Diagnostic Code 9411. Finally, the Court

finds no error with the Board's denial of an earlier effective date for PTSD. *See Russell v. Principi*, 3 Vet.App. 310, 315 (1992) (consolidated with *Collins v. Principi*, No. 90–416) (en banc); *Henry v. Derwinski*, 2 Vet.App. 88, 90 (1992); *Kronberg v. Brown*, 4 Vet.App. 399, 401–02 (1993).

With regard to claims (1)–(5), the decision of the BVA is AFFIRMED. The decision of the Board denying appellant an increased evaluation for service-connected PTSD is REVERSED and the matter REMANDED with directions to assign at least a 70% disability rating. The Court will also REMAND the claim for scars on both legs in accordance with the motion of the Secretary of Veterans Affairs.