**Gary M. LACY, Plaintiff–Appellant,**

v.

**Togo D. WEST, Jr., Secretary, Department of Veterans Affairs, Defendant–Appellee.**

No. 02–6066, 02–6067.

United States Court of Appeals, Second Circuit.

Jan. 13, 2004.

Gary M. Lacy, Mount Vernon, NY, for Plaintiff–Appellant, pro se.

Sarah E. Light, Assistant United States Attorney for the Southern District of New York (James B. Comey, United States Attorney for the Southern District of New York, on the brief, Gideon A. Schor, Assistant United States Attorney), New York, NY, for Defendant–Appellee, of counsel.

Present: FEINBERG, WESLEY, Circuit Judges, and PAULEY III,* District Judges.

---

* The Honorable William H. Pauley III, of the United States District Court for the Southern District of New York, sitting by designation.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the District Court be **AFFIRMED.**

Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues. In August 1997, appellant Gary M. Lacy ("Lacy") commenced an action in the United States District Court for the Southern District of New York against various named employees of the Bronx Veterans Administration Hospital ("VA"). Lacy alleged, *inter alia,* racial discrimination and failure to accommodate his disability in connection with his employment at, and termination from, the VA. The district court (Batts, *J.*) *sua sponte* dismissed the action. In subsequently denying Lacy's motion for reconsideration, the court noted that it had dismissed the action "with prejudice" because it was "devoid of merit."

In March and July of 2000, Lacy commenced two suits *in forma pauperis* in the Southern District against Togo D. West, Jr. ("West"), Secretary of the Department of Veterans Affairs. Lacy's allegations were substantially the same as those stated in his 1997 complaint. In January 2002, the district court (McKenna, *J.*) granted West's motion for summary judgment, dismissing the two new actions as res judicata by virtue of the dismissal of Lacy's 1997 action. *See Lacy v. West,* Nos. 00 Civ. 1765(LLM), 00 Civ. 5546(LLM), 2002 WL 72928 (S.D.N.Y. Jan. 17, 2002).

Under the doctrine of res judicata, or claim preclusion, a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Rivet v. Regions Bank of Louisi-*

*ana*, 522 U.S. 470, 476, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998) (quotation marks and citation omitted); *see also Greenberg v. Bd. of Governors of the Fed. Reserve Sys.*, 968 F.2d 164, 168 (2d Cir.1992). After reviewing the record, we agree with the district court that the determination of Lacy's 1997 action precludes the present suit.

First, Judge Batts' 1997 dismissal "with prejudice" was an adjudication on the merits. *See Nemaizer v. Baker*, 793 F.2d 58, 60–61 (2d Cir.1986).[2] Second, Secretary West is in privity with the defendants to the 1997 action; that is, he "has a sufficiently close relationship to the original defendant[s] to justify preclusion." *Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 367–68 (2d Cir.1995). Notably, Lacy has not alleged that West somehow independently wronged him. Rather, he appears to assert that West is liable by virtue of the conduct of the employees of the Bronx Veterans Administration Hospital—the very defendants Lacy sued in 1997.[3] Just as he is precluded from raising his claims against the defendants he sued in 1997, he is precluded from raising the same claims against one in privity with them. *Id.* Third, to the extent that the issues in the present action were not raised in the 1997 action—and most of them were—they could have and should have been raised in that action, as they revolve around the same "nucleus of operative facts." *Waldman v. Village of Kiryas Joel*, 207 F.3d 105, 108 (2d Cir.2000).

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.

2. Judge Batts did not specify whether the dismissal was ordered pursuant to the court's inherent power to dismiss frivolous claims, *see Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000), or pursuant to its statutory authority to do so, *see* 28 U.S.C. § 1915(e). Indeed, it is unclear whether § 1915(e) was even applicable, as that section authorizes the dismissal of an action *in forma pauperis*, and the record does not conclusively demonstrate that Lacy proceeded *in forma pauperis* in that case. If he did, and if Judge Batts premised her dismissal on § 1915(e), then a question arises as to the preclusive effect of that dismissal. In *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), the Supreme Court stated that because a § 1915(e) "dismissal is not a dismissal on the merits, but rather an exercise of the court's discretion under the *in forma pauperis* statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations." *Id.* at 34. But the Court further suggested that such a dismissal "could, however, have a res judicata effect on frivolousness determinations for future *in forma pauperis* petitions." *Id.* And in *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205–06 (2d Cir.2002) (per curiam), this Court affirmed the dismissal, on grounds of res judicata, of an *in forma pauperis* complaint brought subsequent to the § 1915(e) dismissal of an action based on the same events. *Id.* at *2. Thus, regardless of Judge Batts' grounds for dismissing Lacy's 1997 complaint, that dismissal has preclusive effect.

3. In addition, we note that in 1997 Lacy appears to have sued the individual named defendants in their capacity as representatives of the VA. *Cf. Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (explaining that, in a § 1983 action, a suit against individuals in their "official capacity" is effectively a suit against the entity to which they belong).