Gary M. LACY, Plaintiff,

v.

Anthony J. PRINCIPI, Secretary,
Department of Veterans
Affairs, Defendant.

No. 03 CIV. 3421(WCC).

United States District Court,
S.D. New York.

May 7, 2004.

the doctrine of *res judicata*. Defendant also requests that plaintiff be enjoined from bringing lawsuits against the federal government or any of its agencies or employees for claims arising out of plaintiff's employment at the VA Hospital. For the reasons stated herein, both defendant's motion for summary judgment and application for an injunction are granted.

Gary M. Lacy, Mt. Vernon, NY, Plaintiff Pro Se.

David N. Kelley, United States Attorney for the Southern District of New York (John P. Cronan, Asst. United States Attorney, Of Counsel), New York City, for Defendant.

## OPINION AND ORDER

WILLIAM C. CONNER, Senior District Judge.

Plaintiff Gary M. Lacy, appearing *pro se*, brought this suit against defendant Anthony J. Principi in his capacity as the Secretary of the Department of Veterans Affairs ("VA") alleging a host of claims arising in connection with his employment at the VA Medical Center located in Bronx County, New York (the "VA Hospital").[1] Plaintiff's Amended Complaint includes a prayer for damages in the amount of $50 million. Defendant moves for summary judgment pursuant to FED. R. CIV. P. 56 on the ground that plaintiff's suit is barred by

## BACKGROUND

On April 7, 1992, plaintiff obtained a favorable award in arbitration against the VA Hospital. The VA Hospital was ordered to promote plaintiff and give him a retroactive pay increase. Plaintiff contends that subsequent to this award, the VA Hospital set out on a course of retaliation for the plaintiff's union activism. (Am.Complt.¶ 8(C).) He alleges a variety of retaliatory acts by the VA Hospital, including its failure to advise plaintiff of his rights after he was injured in an employment related basketball game in June 1994, or to provide him with adequate accommodations when he returned to work after recuperating from that injury. He also claims that there is a policy within the VA Hospital to perpetuate a "WHITE/ITALIAN FEMALE SUPREMACY" to the detriment of black males. (*Id.* ¶ 8(D) (all capital letters in original).) Indeed, plaintiff claims that he was repeatedly sexually harassed and called a "bitch" by Angela

---

1. Plaintiff states that this action is brought pursuant to Title VII of the Civil Rights Act of 1964 (Am.Complt.¶ 2) and lists the following claims:

   SEXUAL HARASSMENT, SEXUAL ASSAULT/CONTACT, RACIAL DISCRIMINATION, GENDER DISCRIMINATION, OBSTRUCTION OF JUSTICE, CIVIL RIGHTS, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEPOTISM, ABUSE OF AUTHORITY, VIOLATION OF THE ANTITRUST CIVIL PROCESS ACT, VIOLATION OF THE R.I.C.O. ACT, EM-

   BEZZLEMENT, PAIN AND SUFFERING, LOSS OF INCOME. CONSPIRACY, REPRISAL/RETALIATION, VIOLATION OF WHISTLEBLOWER PROTECTION ACT, DENIAL OF DUE PROCESS, CONCEALING EVIDENCE, CRUEL AND UNUSUAL PUNISHMENT, MALICE, RECKLESS ENDANGERMENT AND DISREGARD FOR MY FEDERALLY PROTECTED RIGHTS, DEPRAVED INDIFFERENCE, AND GROSS NEGLIGENCE.

   (Am. Complt. ¶ 1 (all capital letters in original).) We have jurisdiction pursuant to 28 U.S.C. § 1331.

DiGaudio, a female co-worker who he contends is of Italian–American heritage. (*Id.* ¶ 9.) Despite his formal protestations, the management of the VA Hospital protected DiGaudio and punished plaintiff instead. Plaintiff's employment with the VA Hospital was terminated sometime after an investigation of reports of patient abuse and other misconduct allegedly committed by plaintiff. Plaintiff maintains that these charges were fabricated in order to discredit him and offers signed statements from 110 people, presumably VA Hospital employees and patients, who state that they were never abused by the plaintiff and that plaintiff performed his duty in an acceptable manner "in light of the stress he [had] to operate under." (Lacy Affm., Ex. H.)

Plaintiff previously filed three lawsuits involving claims of discrimination and retaliation that allegedly arose during his employment at the VA Hospital. In each of these actions judgment was entered in favor of the defendants. On August 26, 1997, plaintiff commenced *Lacy v. Musumeci*, No. 97 Civ. 6343(DAB) ("*Lacy I*") against several VA Hospital employees. In that suit, plaintiff included many of the same claims he asserts in this action and additional claims for attempted murder and medical malpractice. (Cronan Decl., Ex. A.) The plaintiff included a demand for damages in the amount of $1 billion. Although in the *Lacy I* Complaint the plaintiff referred to the sexual harassment he allegedly suffered at the hands of DiGaudio, he did not include a claim for sexual harassment in that action. (*Id.*) Judge Batts dismissed "with prejudice" the *Lacy I* Complaint *sua sponte* by Judgment dated November 11, 1997. (*Id.*, Ex. B.) Judge Batts further certified pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. (*Id.*) Plaintiff's motion for reconsideration was subsequently denied. (*Id.*, Ex. C.) No appeal was taken.

In July and August of 2000, plaintiff commenced *Lacy v. West*, No. 00 Civ. 1765(LMM) ("*Lacy II*") and *Lacy v. West*, No. 00 Civ. 5546(LMM) ("*Lacy III*") naming as defendant Togo D. West, Jr., who served as Secretary of the VA at the time. Both Complaints contained claims for employment discrimination similar to those asserted in *Lacy I*. (Cronan Decl., Exs. D, E.) The Complaint in *Lacy III* also detailed the sexual harassment the plaintiff allegedly suffered at the hands of DiGaudio. (*Id.*, Ex. E.) West moved for summary judgment seeking dismissal on the ground that the two actions were barred by the doctrine of claim preclusion. Judge McKenna concluded that *Lacy I* was decided on the merits and that *Lacy II* and *Lacy III*, like *Lacy I*, included claims of "discrimination based on race, sex, color, religion, national origin, and disability." (*Id.*, Ex. G.) Noting that plaintiff had acknowledged that *Lacy II* and *Lacy III* were based on the same set of operative facts involved in *Lacy I* by continually referencing his filings in *Lacy I*, Judge McKenna granted West's motion for summary judgment dismissing *Lacy II* and *Lacy III*. (*Id.*, Exs. G, H.)

Plaintiff appealed and the Second Circuit affirmed Judge McKenna's ruling. *Lacy v. West*, 85 Fed.Appx. 254, 255, 2004 WL 75366, at *2 (2d Cir.2004) (unpublished opinion). The Second Circuit held that Judge Batts's dismissal "with prejudice" of *Lacy I* was a final adjudication on the merits. *Id.* at *1 (citing *Nemaizer v. Baker*, 793 F.2d 58, 60–61 (2d Cir.1986)). The court also concluded that most of the issues addressed in *Lacy II* and *Lacy III* were raised in *Lacy I* and stated that "to the extent that the issues in the present action were not raised ... [in *Lacy I*], they could have and should have been raised in that action, as they revolve around the 'same nucleus of operative facts.'" *Id.* at *1 (quoting *Waldman v.*

*Vill. of Kiryas Joel,* 207 F.3d 105, 108 (2d Cir.2000)). The Second Circuit further concluded that the defendant in *Lacy II* and *Lacy III,* VA Secretary West, was in privity with the defendants in *Lacy I,* who were several VA Hospital employees. *Lacy,* 2004 WL 75366, at *1. The fact that plaintiff had not alleged that West had independently wronged him was significant because it demonstrated that plaintiff was suing the same entity he had sued in *Lacy I. Id.* Accordingly, the Second Circuit affirmed Judge McKenna's grant of summary judgment in favor of the defendant in *Lacy II* and *Lacy III* because the actions were barred by the doctrine of claim preclusion.

On May 14, 2003, prior to the issuance of the Second Circuit's summary order affirming *Lacy II* and *Lacy III,* plaintiff filed this action. Defendant now moves for summary judgment on the ground that this action is barred by the doctrine of *res judicata.*

## DISCUSSION

### I. Governing Standard

Summary judgment may be granted where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby,* 477 U.S. 242, 247–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The burden rests on the movant to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine factual issue exists if there is sufficient evidence favoring the nonmovant for a reasonable jury to return a verdict in its favor. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. In deciding whether summary judgment is appropriate, the court resolves all ambiguities and draws all permissible factual inferences against the movant. *See id.* at 255, 106 S.Ct. 2505. To defeat summary judgment, the nonmovant must go beyond the pleadings and "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The court's role at this stage of the litigation is not to decide issues of material fact, but to discern whether any exist. *See Gallo v. Prudential Residential Services, L.P.,* 22 F.3d 1219, 1224 (2d Cir.1994). Finally, where a *pro se* litigant opposes a motion for summary judgment, that litigant's submissions are construed liberally by the court. *See Graham v. Lewinski,* 848 F.2d 342, 344 (2d Cir.1988).

### II. The Doctrine of Res Judicata

The doctrine of *res judicata,* or claim preclusion, "prevents a party from suing on a claim which has been previously litigated to a final judgment by that party ... and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action." MOORE'S FEDERAL PRACTICE § 131.10[1][a] (3d Ed.2003); *see also Waldman,* 207 F.3d at 108. When a party has litigated a claim to final judgment, that party cannot avoid the *res judicata* effect of that judgment by bringing suit against a new defendant that is in privity with the original defendant. *See Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.,* 56 F.3d 359, 367–68 (2d Cir.1995) ("[T]he principle of privity bars relitigation of the same cause of action against a new defendant known by plaintiff at the time of the first suit where the new defendant has a sufficiently close relationship to the original defendant to justify preclusion."). The doctrine was created to address the fundamental need of any judicial system for finality; "a claim ... which parties had a full and fair opportunity to litigate should, after judg-

ment, forever be put to rest as between those parties." MOORE'S FEDERAL PRACTICE § 131.12[1] (citing *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)). Whether the prior judgment was decided correctly is not considered when determining whether the doctrine of claim preclusion bars suit. *See Nemaizer*, 793 F.2d at 64–66. Courts consider whether the party seeking dismissal has shown: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *See Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000).

▉ Plaintiff does not dispute that *Lacy I*, *Lacy II* and *Lacy III* were litigated to final judgments on the merits or that the present defendant is either the same entity or in privity with the defendants in the previous actions. Plaintiff also does not dispute that *Lacy I*, *Lacy II* and *Lacy III* involved the same set of operative facts that are the basis of the Amended Complaint filed in the present action or that the issues raised in this suit could have been raised in the previous actions. Indeed, plaintiff cannot contest any of these points because the Second Circuit has already conclusively decided them.

The crux of plaintiff's opposition to defendant's motion for summary judgment is that he should be allowed to proceed to trial because he was treated very badly by the VA Hospital, certain VA Hospital employees, and in the administrative forum provided to VA Hospital employees and that the judges presiding over *Lacy I*, *Lacy II* and *Lacy III* performed grave injustices when they dismissed his actions. Plaintiff estimates that the VA · has wronged him at least seven times and notes that because of this he has

"EARNED ... AT LEAST ONE 'TRIAL BY JURY'!" (Am. Complt., Ex. C at 11 (all capital letters in original).) We have carefully reviewed the voluminous submissions offered by plaintiff. He has included the testimony of a witness who states that on .one occasion she observed DiGaudio touch plaintiff's buttocks and that plaintiff objected to this touching. (Lacy Affm., Ex. E.) A Report of Contact filed with the VA indicates that another potential witness observed DiGaudio refer to plaintiff as a "bitch." (*Id.*) Plaintiff has also included records of the administrative actions filed by him to rectify discrimination and harassment he allegedly suffered at the hands of VA Hospital officials. Although many of these actions were dismissed for lack of supporting evidence or specificity of the allegations, plaintiff had some success in the administrative forum. For example, plaintiff's allegations of racial discrimination prompted one inspector to recommend "that a further inquiry be performed by an outside investigator ...." (*Id.*, Ex. E.)

We have no doubt that plaintiff feels a grave injustice has been done to him. However, his day in court has come and gone. Plaintiff commenced *Lacy I* in district court. Judge Batts considered the Complaint filed in that action and dismissed it because she determined that the suit was without merit. Plaintiff could have appealed the judgment entered by Judge Batts, but he did not. Instead, plaintiff filed separate lawsuits under the mistaken belief that he was entitled to file as many lawsuits as he desired until he found a judge sympathetic to his position. The Second Circuit has already determined that plaintiff had a full and fair opportunity in *Lacy I* to litigate the claims before this Court when it affirmed Judge McKenna's grant of summary judgment in *Lacy II* and *Lacy III*. Accordingly, any district court presented with a complaint filed by plaintiff that alleges a claim aris-

ing out of his employment with the VA Hospital must dismiss the action. This would be true even if plaintiff demonstrates to the district court beyond all doubt that the allegations in his complaint are true; whether the prior judgment was correct is simply not considered in determining whether the doctrine of *res judicata* applies. *See Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). Stated differently, plaintiff is not entitled to sue the VA for any of the incidents allegedly occurring in connection with his employment at the VA Hospital.

We conclude that defendant has demonstrated that the present case is barred by the doctrine of claim preclusion and that plaintiff has failed to raise a genuine issue of material fact with respect to this issue. Accordingly, defendant's motion for summary judgment is granted and plaintiff's Amended Complaint is dismissed with prejudice.

### III. *Defendant's Application for an Injunction*

■ Defendant requests an injunction restraining plaintiff from filing lawsuits in the future against the federal government or its agencies or employees for claims arising out of his employment with the VA Hospital. We conclude that plaintiff should be enjoined from bringing lawsuits against these defendants that assert claims arising from his employment at the VA Hospital. As stated previously, plaintiff has had his day in court and the issues he seeks to litigate were decided against him. Rather than appealing the dismissal he suffered in *Lacy I,* plaintiff has commenced three separate lawsuits in federal district court essentially seeking a reversal of Judge Batts's initial dismissal. Although he appealed Judge McKenna's

grant of summary judgment, he filed this lawsuit while that appeal was pending. The tenor of plaintiff's submissions to this Court also indicates that he has no intention of abandoning his crusade against his former employer; it appears that he feels that he has been grievously wronged and will not stop filing lawsuits until he either finds a judge who agrees with him or is otherwise restrained from doing so.

■ When a plaintiff files repeated lawsuits involving the same nucleus of operative facts, a district court has the inherent power to enjoin him from filing vexatious lawsuits in the future. *See Malley v. N.Y. City Bd. of Educ.,* 112 F.3d 69, 69 (2d Cir.1997) (affirming injunction where the plaintiff had filed repeated lawsuits concerning the same nucleus of operative facts); *Safir v. United States Lines, Inc.,* 792 F.2d 19, 24 (2d Cir.1986) ("Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties."); *Raffe v. John Doe,* 619 F.Supp. 891, 898 (S.D.N.Y.1985) (Conner, J.) (enjoining a litigant from filing future lawsuits when that litigant had a history of filing vexatious lawsuits). Moreover, the Court has a constitutional duty to enjoin the filing of frivolous lawsuits in order to preserve judicial resources when the plaintiff is likely to file more suits in the future and non-injunctive relief would be ineffective. *See In re Martin–Trigona,* 737 F.2d 1254, 1261 (2d Cir.1984). Because plaintiff filed this lawsuit *in forma pauperis,* we conclude that monetary sanctions against him would be ineffective. *Id.* at 1262 (noting that injunctive relief is particularly appropriate when the plaintiff appears judgment-proof because sanctions would be ineffective).[2] Accordingly, we

---

**2.** Indeed, plaintiff has invited sanctions in the present case by failing to withdraw his action

after the Second Circuit affirmed the dismiss-

grant defendant's application for an injunction.

### CONCLUSION

For the reasons stated herein, defendant Anthony J. Principi's motion for summary judgment is granted and plaintiff Gary M. Lacy's Amended Complaint is dismissed with prejudice. Defendant's application for an injunction is also granted. Accordingly, plaintiff is hereby permanently enjoined from filing lawsuits in the future against the federal government or its agencies or employees for claims arising out of his past employment with the VA Medical Center located in Bronx County, New York.

SO ORDERED.

al of *Lacy II* and *Lacy III* and by making statements in his papers opposing defendant's motion that are so shockingly inappropriate that we shall not repeat them.