Mandel FOGEL, Plaintiff,

v.

SECRETARY OF the AIR FORCE, and Civilian Military Review Board, Defendants.

No. CV 04–0209(ADS)(MLO).

United States District Court, E.D. New York.

Jan. 4, 2005.

Mandel Fogel, Oceanside, NY, Plaintiff Pro Se.

Roslynn R. Mauskopf, United States Attorney, Eastern District of New York by Susan L. Riley, James Halleron Knapp, Assistant United States Attorneys, Central Islip, NY, for Defendants.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Presently before the Court is a motion by the defendants Secretary of the Air Force and the Civilian Military Review Board (collectively the "Defendants") to dismiss the complaint filed by the *pro se* plaintiff Mandel Fogel (the "Plaintiff") based on the doctrine of *res judicata*, or in the alternative, for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1); failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6); and improper and untimely service pursuant to Fed. R.Civ.P. 12(b)(2).

## I. BACKGROUND

This lawsuit was commenced on October 28, 2003 in the Supreme Court of the State of New York, County of Nassau. On January 20, 2004, the Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1346, 1442(a)(1), and 1442a. On May 19, 2004, the Court denied the Plaintiff's motion to remand the case back to the Supreme Court of the State of New York finding that removal was proper in that agencies of the United States were defendants in the action.

In his *pro se* complaint, the Plaintiff alleges that he was discriminated against under 42 U.S.C. § 1983 when the Defendants denied him veteran status in 1982. In particular, the Plaintiff argues that the Defendants failed to apply the proper Department of Defense criteria when they determined that he was ineligible for veteran status. The Plaintiff claims that this failure constitutes discrimination under § 1983 because other individuals, such as Women Air Service Pilots, telegraph operators, dieticians, and physical therapists, were granted veteran status while the Plaintiff, a former member of the United States Maritime Service, was denied this status. According to the complaint, this denial was conduct that was illegal and in violation of the Plaintiff's rights and privileges under the Constitution and Civil Rights Act. The Plaintiff asks that he be accorded veteran status; that the Defendants issue to him a DOD 2214, otherwise known as a DD 2214 "Certificate of Release or Discharge from Active Duty;" and that he be given a military funeral with the United States flag draped over his coffin.

In 2001, the Plaintiff commenced an action against the same defendants seeking substantially the same relief, specifically, "a declaratory judgment stating that [the Plaintiff] is a veteran for the purpose [of] receiving a military burial ... and etching the image of the American flag on his gravestone." *Fogel v. Department of Defense*, 169 F.Supp.2d 140, 142 (E.D.N.Y. 2001) (the "2001 Action"). The Plaintiff's 2001 Action was dismissed by this Court as time-barred. The Court also noted that "even if the complaint had been timely, the decision of the Secretary of the Air Force, dated January 23, 1982, which denied active military service status to the Maritime Service Training Organization would be affirmed on the ground that the decision is not arbitrary, capricious, an abuse of discretion or otherwise contrary to law." *Id.* at 157–58. On June 14, 2002, the Second Circuit Court of Appeals affirmed this Court's decision. *See Fogel v. DOD*, 36 Fed.Appx. 473, 474, 2002 WL 1306872 (2d Cir.2002).

The Defendants argue, among other grounds, that the Plaintiff's previous action, which was dismissed on the merits and affirmed on appeal, precludes any subsequent action against the same parties based on the same events.

## II. *DISCUSSION*

### A. Standard of Review

#### 1. 12(b)(6) Standard

In deciding a motion to dismiss under Rule 12(b)(6), a district court must "accept all of the plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Desiderio v. National Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 202 (2d Cir.1999). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir.1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *King v. Simpson*, 189 F.3d 284, 287 (2d Cir.1999) (quoting *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995)). "In addition to the forgoing standard governing Rule 12(b)(6) motions, the Court must be mindful of the relevant rules of pleading. In general, a plaintiff need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, Fed. R.Civ.P. 8(a)(2), and 'all pleadings shall be construed as to do substantial justice,' Fed.R.Civ.P. 8(f)." *Protter v. Nathan's Famous Sys., Inc.*, 904 F.Supp. 101, 105 (E.D.N.Y.1995).

#### 2. The Plaintiff's *Pro Se* Status

 The Court is mindful that the plaintiff is proceeding *pro se* and that his submissions should be held " 'to less stringent standards than formal pleadings drafted by lawyers....' " *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (per curiam) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). District courts should "read the pleadings of a pro se plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.' " *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir.1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994)). Nevertheless, the Court is also aware that *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law...." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983) (internal quotations and citation omitted). Hence, the doctrine of res judicata is equally applicable to *pro se* plaintiffs. *See, e.g., Lacy v. Principi*, 317 F.Supp.2d 444, 445 (S.D.N.Y.2004).

### B. The Doctrine of Res Judicata

 The doctrine of res judicata or claim preclusion simply means that when a judgment is rendered on the merits, it bars a second suit between the same parties or their privies based on the same cause of action or claims. *See Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205 (2d Cir.2002); *Waldman v. Village of Kiryas*, 207 F.3d 105, 108 (2d Cir.2000); *U.S. v. Alcan Aluminum*, 990 F.2d 711 (2d Cir.1993). For purposes of res judicata, a dismissal pursuant to Rule 12(b)(6) is an adjudication on the merits. *Nowak v. Ironworkers*, 81 F.3d 1182 (2d Cir.1996) (citing *Exchange Nat'l Bank v. Touche Ross & Co.*, 544 F.2d 1126 (2d Cir.1976), modified on other grounds, 726 F.2d 930 (2d Cir.1984)). "A final judgment on the mer-

its of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *accord St. Pierre v. Dyer,* 208 F.3d 394, 399 (2d Cir.2000). "Whatever legal theory is advanced, when the factual predicate upon which claims are based are substantially identical, the claims are deemed to be duplicative for purposes of res judicata." *Berlitz Schools of Languages of Am., Inc. v. Everest House,* 619 F.2d 211, 215 (2d Cir.1980). Thus, res judicata not only bars parties from relitigating the same cause of action, but also "prevents litigation of a matter that could have been raised and decided in a previous suit, whether or not it was raised." *Murphy v. Gallagher,* 761 F.2d 878, 879 (2d Cir.1985); *see also L–Tec Elecs. Corp. v. Cougar Elec. Org., Inc.,* 198 F.3d 85, 87–88 (2d Cir.1999).

■ To determine whether res judicata applies to preclude later litigation, a court must find that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir.2001).

■ Res judicata may not apply where a prior action "involved only a request for declaratory relief." *Harborside Refrigerated Servs., Inc. v. Vogel,* 959 F.2d 368, 372 (2d Cir.1992). "Under this exception, the preclusive effect of the declaratory judgment is limited to the subject matter of the declaratory relief sought." *Id.; see, e.g., Umhey v. County of Orange,* 957 F.Supp. 525, 528 (S.D.N.Y.1997) (holding that monetary relief may be sought after the conclusion of an action for declaratory relief).

■ This case seeks the same declaratory relief against the same defendants as the 2001 Action, but presents a different legal theory, namely, discrimination under § 1983. As clearly indicated by comparing of the present complaint and the prior complaint, the claims in the pending complaint arise out of the same transactions or occurrences as the claims in the 2001 Action. The Plaintiff's allegation of discrimination is based on the same facts and events from 1982 and was available to the Plaintiff at the time of the 2001 Action, which was dismissed as time-barred.

It is well-settled that "a dismissal for failure to comply with the statute of limitations will operate as an adjudication on the merits, unless it is specifically stated to be without prejudice." *PRC Harris, Inc. v. Boeing Co.* 700 F.2d 894, 896 (2d Cir.1983); *see also Pentagen Technologies Intern., Ltd. v. CACI Intern. Inc.,* 1996 WL 435157, at *9 (S.D.N.Y.1996). Accordingly, The Plaintiff cannot advance a new legal theory or claim on the same set of facts given the previous dismissal of his case on the merits.

As stated in the Court's previous Memorandum of Decision and Order dated October 29, 2001, the Plaintiff may submit an application to the Department of Defense Civilian/Military Service Review Board for reconsideration of the eligibility of his veteran status based on the new criteria contained in the regulations located at title 32, section 47.4 of the Code of Federal Regulations. However, any action in this Court based on the Plaintiff's previous application in 1982 for veteran status must be dismissed on the basis of the doctrine of res judicata.

### III. CONCLUSION

Having reviewed the parties' submissions, it is hereby

**ORDERED,** that the plaintiff's complaint is dismissed as barred by the doctrine of res judicata; and it is further

**ORDERED,** that the Clerk of the Court is directed to close this case.

**SO ORDERED.**