**Mandel FOGEL, Plaintiff–Appellant,**

v.

**DEPARTMENT OF DEFENSE, Secretary of the Air Force, and Chairman of the Civilian/Military Review Board, Defendants–Appellees.**

Docket No. 01–6261.

United States Court of Appeals, Second Circuit.

June 14, 2002.

Mandel Fogel, pro se, Oceanside, NY, for Appellant.

Susan L. Riley, Assistant United States Attorney (Alan Vinegrad, United States Attorney, Eastern District of New York, Deborah B. Zwany, Assistant United States Attorney, on the brief), for Appellees.

Present McLAUGHLIN, JACOBS and LEVAL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Mandel Fogel, appearing *pro se,* appeals from an order of the United States District Court for the Eastern District of New York (Spatt, *J.*) dismissing his complaint as time-barred.

We affirm for substantially the reasons stated in the district court's opinion dated October 29, 2001. *Fogel v. Dep't of Defense,* 169 F.Supp.2d 140 (E.D.N.Y.2001). The final agency action that Fogel challenges occurred in January 1982, when the Secretary of the Air Force, adopting the recommendation of the Department of Defense Civilian/Military Review Board, determined that service during World War II in the United States Maritime Service would not be considered active military service in the U.S. Armed Forces for purposes of conferring veteran status under the GI Bill Improvement Act of 1977, Pub.L. No. 95–202, 91 Stat. 1433 (codified as amended in scattered sections of 38 U.S.C.). Thus, Fogel's complaint, to be timely, had to be filed by January 1988. *See* 28 U.S.C. § 2401 (civil actions against the United States must be commenced within six years after the right of action first accrues); *Polanco v. U.S. Drug Enforcement Admin.,* 158 F.3d 647, 652–53 (2d Cir.1998) (applying six-year limitation in § 2401 to actions under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*). Fogel argues that his lawsuit is timely because the six-year period should have run from the 1999 denial of his individual application for veteran status and military burial, but that was essentially a denial of Fogel's request for reconsideration of the 1982 decision. If the statutory limitation period were to start anew each time a request for reconsideration was denied, the purpose of the limitation would be defeated.

Accordingly, the district court properly dismissed Fogel's complaint as time-barred. That court, in the interest of "complet[ing] the record," 169 F.Supp.2d at 150, proceeded to pass on the merits of Fogel's complaint. As to that portion of the district court's opinion, we express no view.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.